KEVIN V. RYAN (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JONATHAN U. LEE (CSBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, P.O. Box 36055
    San Francisco, California 94102-3495
    Telephone:  (415) 436-6909
    Facsimile:  (415) 436-6748
    Email:  jonathan.lee@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUAN M. BUSTOS,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL CHERTOFF, Secretary of the United States Department of Homeland Security,<br><br>           Defendant. | Case No. C04-1173 CRB<br><br>**E-FILING CASE**<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |

BY AND THROUGH THEIR ATTORNEYS OF RECORD, THE PARTIES AGREE TO THE FOLLOWING STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER:

WHEREAS, Plaintiff Juan Bustos filed this action against Tom Ridge, U.S. Secretary of Agriculture (later succeeded by Michael Chertoff), on March 24, 2004;

WHEREAS, Plaintiff Bustos alleges that defendant discriminated and/or retaliated against him on the basis of his age, race, and national origin, including the following non-selections for promotion:

    (1)    01-SFR-038 for Supervisory Criminal Investigator (two positions), EEO #I-02-H022;

    (2)    02-SFR-177 for Supervisory Criminal Investigator, EEO #I-02-H056;

|   |     |                                                                              |
|---|-----|------------------------------------------------------------------------------|
| 1 | (3) | 02-SFR-520 Assistant Port Director, EEO #I-03-W041;                          |
| 2 | (4) | 02-SFR-519 for Supervisory Deportation Officer, EEO #I-03-W048;              |
| 3 | (5) | 03-SFR-339 for Supervisory Detention and Deportation Officer, EEO #I-03-W130; |
| 5 | (6) | 03-SFR-007 for Supervisory Deportation Officer, EEO #ICE-04-W026; and        |
| 7 | (7) | 04-0239-D2 for Supervisory Special Agent (3 positions), EEO #ICE-05-W147;    |

WHEREAS, plaintiff also alleges that defendant discriminated and/or retaliated against him on the basis of his age, race, and national origin in connection with the following non-selections for promotions (which were previously resolved by the parties in a settlement agreement, but cited in this litigation by plaintiff as historical or background evidence of discrimination and/or retaliation):

(1) 98-SFR-223 for Assistant Port Director;
(2) 98-SFR-283 for Assistant Port Director;
(3) 98-SFR-282 for Supervisory Criminal Investigator;
(4) 98-SFR-379 for Supervisory Criminal Investigator;
(5) 98-SFR-476 for Assistant Port Director;
(6) 00-SFR-212 for Assistant Port Director; and
(7) 00-SFR-349 for Deputy Port Director;

WHEREAS, defendant contends that defendant did not discriminate and/or retaliate against plaintiff and that all of defendant's decisions, conduct, acts or omissions challenged by plaintiff in this litigation were based on legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

WHEREAS, the parties have discussed resolving once and for all the disputed issues framed by this litigation and, without admitting any allegations or contentions of the other party, negotiated terms of settlement in order to bring this litigation to a conclusion;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between

plaintiff Juan Bustos, his attorneys, Steven F. Gruel, Sandra L. Teters, and Jeannie M. Gregori of the Law Office of Steven F. Gruel, and defendant Secretary, U.S. Department of Homeland Security Michael Chertoff (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay the sum of Ten Thousand Dollars and No Cents ($10,000.00) to plaintiff, made payable to the trust account of Steven F. Gruel, Esq., under the terms and conditions set forth herein.

3. The plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Ten Thousand Dollars and No Cents ($10,000.00), in full and final settlement and satisfaction of the claims raised in this Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the settlement amount of Ten Thousand Dollars and No Cents ($10,000.00) represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns, agents, representatives, consultants and attorneys.

5. It is also agreed, by and among the parties, that the settlement amount of Ten Thousand Dollars and No Cents ($10,000.00) shall be made payable to the trust account of Steven F. Gruel, Esq., who is plaintiff's lead counsel of record in this action. The check will be mailed to the plaintiff's attorney at the following address: Steven F. Gruel, Esq., 655 Montgomery Street, Suite 1700, San Francisco, CA 94122.

6. It is also agreed by and among the parties that neither plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs or expenses of litigation against the Federal Defendant, the United States, their agents, servants, or employees in connection with plaintiff's claims as set forth herein.

7. It is also agreed by and among the parties that defendant will change plaintiff's

GS status from his current level of level 13, step 4 to level 13, step 8, to be made effective within 60 days of the Court's order approving the terms listed in this Stipulation and Agreement. It is understood and agreed that this personnel action will require coordination between the defendant and another federal agency, the NFC, to complete the action, and therefore defendant will in good faith and diligence attempt to meet the 60 day deadline.

8.   Furthermore, defendant agrees that it shall add 42.9 hours of paid annual leave to plaintiff's leave account, within 60 days of the Court's order approving the terms listed in this Stipulation and Agreement. It is understood and agreed that this personnel action will require coordination between the defendant and another federal agency, the NFC, to complete the action, and therefore defendant will in good faith and diligence attempt to meet the 60 day deadline.

9.   It is also agreed by and among the parties that plaintiff will be permitted to attend one optional, mutually agreeable, one week training course, at a mutually convenient scheduled time, within eighteen months of the date of the parties' signatures on this agreement. It is further agreed that nothing in this agreement will effect Mr. Bustos' ability to apply for tuition assistance for this or any other training program.

10.   It is also agreed by and among the parties that for a four year period after the date of the parties' signatures on this agreement (1) plaintiff Juan Bustos will not apply for promotions, transfers, details, or vacancies, even if a co-worker or colleague suggests he could or should so apply and (2) defendant will not transfer plaintiff Juan Bustos to another position located more than 50 miles from his home residence address. Plaintiff understands and agrees that he may be subject to a "detail(s)" (temporary duty assignments) during the four year period. Plaintiff further acknowledges and agrees that "a detail" or "details" (temporary duty assignments) are not a transfer within the meaning of this stipulation. In negotiations leading to this agreement, Mr. Bustos requested a 30 day limitation on the length of any detail assignment given to him during the four year period, and the parties have expressly agreed that no such

limitation has been incorporated into this agreement. This provision precludes plaintiff Juan Bustos from applying for positions within the Department of Homeland Security and all of its divisions and subparts; however, this provision does not preclude Mr. Bustos from applying for positions in other components of the United States federal government.

11. In consideration of the payment of Ten Thousand Dollars and No Cents ($10,000.00) and the other terms in paragraphs 2 through 10 of this Stipulation and Agreement, as set forth above, the plaintiff agrees that he will <u>immediately upon execution of this agreement</u>, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in this Action, which is captioned *Juan Bustos v. Secretary of Homeland Security Chertoff*, C 04-1173 CRB. The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount and the completion of the settlement terms described in paragraphs 7 and 8 above.

12. The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates, pretrial deadlines and the September 5, 2006 trial date associated with this litigation.

13. In consideration of the payment of Ten Thousand Dollars and No Cents ($10,000.00) and the other terms set forth in this Stipulation and Agreement, as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to this Action, including

all claims of discrimination, harassment and retaliation asserted by plaintiff in each and every Equal Employment Opportunity ("EEO") complaints filed while plaintiff worked for the Federal Defendant or any and all claims that could have been asserted in the EEO Complaints.

14. In consideration of the payment of Ten Thousand Dollars and No Cents ($10,000.00), and the other terms in paragraphs 2 through 10 of this Stipulation and Agreement as set forth above, the plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the EEO Complaints in any other administrative proceeding, state court action or federal court action to prove any kind of discrimination, harassment or retaliation or as background or history to any claim of discrimination, harassment or retaliation he may bring.

15. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's claimed injury and the liability of the Federal Defendant, or his agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

16. The parties acknowledge that neither this Stipulation and Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or his agents, servants, or employees. This agreement is entered into by the parties

for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

17. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

18. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability.

19. Plaintiff and his attorneys have been informed that payment of the settlement amount may take 60 days or more to process. Defendant will submit a request for payment to the National Finance Center within 7 days after Plaintiff's execution of this Stipulation and Agreement.

20. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

21. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

22. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in

any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

Dated: February 17, 2006

_____
JUAN BUSTOS
Plaintiff

Dated: February 17th, 2006      By: _____

STEVEN F. GRUEL
LAW OFFICES OF STEVEN F. GRUEL
Attorneys for Plaintiff JUAN BUSTOS


KEVIN V. RYAN
United States Attorney

Dated: February 17, 2006      By: _____

JONATHAN U. LEE
Assistant United States Attorney
Attorneys for the Federal Defendant

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: February 21, 2006
_____
The Honorable CHARLES R. BREYER
United States District Judge

*IT IS SO ORDERED — Judge Charles R. Breyer* [seal: United States District Court, Northern District of California]